UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CRYSTAL PINNOCK, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:13CV180 SNLJ |
| CAMDEN DANIELS, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Fed.R.Civ.P. 12(h)(3) for lack of jurisdiction.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, a resident of Canada who attended Southeast Missouri State University in the Winter of 2007, states that she was sexually assaulted by defendant Camden Daniels, presumably another student on campus, during that time period. Plaintiff states that defendant made a video recording of the assault and disseminated the video on the internet. Plaintiff claims that she reported the alleged sexual assault to the campus police in 2008. Plaintiff seeks monetary damages and injunctive relief.

**Discussion**

At the outset, the Court notes that plaintiff has failed to state the jurisdictional grounds for filing this action in federal court. Plaintiff does not set forth any federal laws or constitutionally-protected rights that defendant allegedly has violated. See 28 U.S.C. § 1331. Moreover, she has not alleged that subject matter jurisdiction exists under 28 U.S.C. § 1332. Although plaintiff has alleged that she is a resident of Canada and defendant is a resident of Missouri, she has not alleged the citizenship of both parties, a requirement under § 1332, nor has she alleged that the amount in controversy exceeds $75,000.[1]  As such, the case will be dismissed, without prejudice, for lack of subject matter jurisdiction.

Accordingly,

---

[1] Plaintiff seeks $10,000 in monetary damages.

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks jurisdiction over this matter.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of January, 2014.

                                         _____
                                         STEPHEN N. LIMBAUGH, JR.
                                         UNITED STATES DISTRICT JUDGE